**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA ANTONIA URIOSTEGUI, OSCAR GONZALEZ , VERONICA PADILLA, and ANA VILMA ARDON on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Judge |
| ALTERNATIVE STAFFING, INC. d/b/a ASI, EVANS FOOD GROUP, LTD, and VEE PAK, INC., | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Maria Antonia Uriostegui, Oscar Gonzalez, Vernoica Padilla and Ana Vilma Ardon, on behalf of themselves and all other persons similarly situated, known and unknown (collectively "Plaintiffs"), for their Complaint against Alternative Staffing, Inc., d/b/a ASI (hereafter "ASI") Evans Food Group, Ltd, (hereafter "Evans"), and Vee Pak, Inc., (hereafter "Vee Pak") (collectively "Defendants"), state as follows:

## I.     NATURE OF THE CASE

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.* ("IDTLSA") for: 1) Defendant ASI's failure to pay Plaintiffs and other similarly situated employees at least the federally and/or Illinois-mandated minimum wages for all time worked in violation of the FLSA, the IMWL and the IDTLSA; 2) Defendant ASI's failure to pay overtime wages to Plaintiffs and other similarly situated employees in violation of the FLSA, the IMWL and the IDTLSA; 3) Defendant ASI's

1

failure to pay Plaintiffs and other similarly situated employees all earned wages at the rate agreed to by the parties in violation of the IWPCA and the IDTLSA; 4) Defendant ASI's failure to provide Plaintiffs and other similarly situated employees with Employment Notices as required by the IDTLSA; 5) Defendant ASI's failure to provide Plaintiffs and other similarly situated laborers with proper Wage Payment and Notices as required by the IDTLSA; and 6) Defendants Evans', and Vee Pak's, failure to maintain and remit to its staffing agencies an accurate record of "hours worked" by Plaintiffs and similarly situated temporary laborers as required by the IDTLSA. For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. 29 U.S.C. §216(b). Plaintiffs' consents to represent are attached hereto as Group Exhibit A. For claims arising under the IMWL, the IWPCA and the IDTLSA, Plaintiffs will seek to certify these claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II.      JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Plaintiffs bring their class claims pursuant to Fed. R. Civ. P. Rule 23.

3.      Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as ASI, Evans, and Vee Pak, maintained offices and transacted business within this jurisdiction.

## III.      PARTIES

**A.      <u>Plaintiffs</u>**

4.      Each Plaintiff has:

   a.      resided in and is domiciled within this judicial district in Illinois;

   b.      handled goods that have moved in interstate commerce;

    c.        been an "employee" of Defendant ASI in Illinois as that term is defined by the FLSA, IMWL and IWPCA;

    d.        been employed by Defendant ASI as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5; and

    e.        worked as a "laborer" on behalf of ASI at a third party client company, within this judicial district in Illinois. For example:

        1)  Plaintiff Oscar Gonzalez was assigned to work at Evans and Vee Pak;

        2)  Plaintiff Ana Ardon was assigned to work at Vee Pak;

        3)  Plaintiff Maria Antonia Uriostegui was assigned to work at Loyola Medical Center;

        4)  Plaintiff Veronica Padilla was assigned to work at a Graphics Company

**B.**      **<u>Defendants</u>**

5.      At all relevant times, Defendant Evans has:

    a.        been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b.        contracted temporary laborers through staffing agencies for a fee, including ASI, pursuant to contracts between itself and the staffing agencies;

    c.        been a "third party client company" as defined by the IDTLSA, 820 ILCS 175/5;

    d.        been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

e.      had two or more employees who have handled goods which have moved in interstate commerce;

6.      At all relevant times, Defendant Vee Pak has:

a.      been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

b.      contracted temporary laborers through staffing agencies for a fee, including ASI, pursuant to contracts between itself and the staffing agencies;

c.      been a "third party client company" as defined by the IDTLSA, 820 ILCS 175/5;

d.      been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

e.      had two or more employees who have handled goods which have moved in interstate commerce;

7.      At all relevant times, Defendant ASI has:

a.      been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

b.      been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients, pursuant to contracts between itself and third party clients;

c.      been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5; and

d.      been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the

production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

e.  had two or more employees who have handled goods which have moved in interstate commerce;

f.  been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*

## IV.  FACTUAL BACKGROUND

8.  Defendant ASI is a temporary staffing agency which specializes in providing laborers to third party client companies, such as Evans, and Vee Pak.

9.  Plaintiffs and other similarly situated laborers were hired by Defendant ASI to work at companies within this judicial district, including but not limited to Evans, and Vee Pak, and regularly handled goods that moved in interstate commerce.

10.  As a result of the above relationship with ASI, Defendants Evans, and Vee Pak,  operated as  "Third Party Client(s)" as defined by the IDTLSA, 820 ILCS 175/5.

11.  Pursuant to Sections 85 of the IDTLSA, as "Third Party Client(s)", Evans, Vee Pak and other client companies share all legal responsibility and liability for the violations of the Illinois Wage Payment and Collection Act and the Illinois Minimum Wage Law alleged against ASI herein.

12.  Defendant ASI, as a matter of policy or practice, fails to pay its employees for all compensable time worked.

13.  Defendant ASI's failure to pay Plaintiffs and similarly situated employees for all time worked results in savings and increased profits for ASI.

14.  Plaintiffs and other similarly situated laborers employed by Defendant ASI that were contracted by Defendant ASI to work at third party client companies like Evans, and Vee Pak, were regularly not paid for all time worked. For example:

a) Plaintiff Oscar Gonzalez was not paid for all time worked on days when he was assigned by ASI to work at Evans;

b) Plaintiff Ana Ardon was not paid for all time worked on days when she was assigned by ASI to work at Vee Pak;

c) Plaintiff Maria Antonia Uriostegui was not paid for all time worked on days when she was assigned by ASI to work at Loyola Medical Center;

d) Plaintiff Veronica Padilla was not paid for all time worked on days when she was assigned by ASI to work at a Graphics Company

15.     Pursuant to Sections 12(a)(2) and 12(b) of the IDTLSA, Defendants Evans, and Vee Pak had a duty to maintain accurate time records for all compensable time of the laborers contracted to work within their facilities through staffing agencies like ASI.

16.     Defendants Evans and Vee Pak, failed to keep and remit to ASI accurate records of the time that Plaintiffs and similarly situated laborers of ASI worked at these Defendants' facilities.

17.     Plaintiffs and other similarly situated laborers employed by ASI and sent to work at third party client companies including but not limited to Evans, and Vee Pak, are paid at or near the Illinois minimum wage rate.

18.     As a result of ASI's failure to compensate Plaintiffs and similarly situated laborers for all compensable time, Plaintiffs and similarly situated laborers were compensated less than the Illinois minimum wage for all compensable time worked during individual work weeks.

19.     As a result of ASI's failure to compensate Plaintiff Uriostegui and similarly situated laborers for all compensable time, in work weeks during which Plaintiff and similarly situated laborers worked in excess of forty (40) hours, Plaintiff and similarly situated laborers were denied overtime wages.

20. During the course of their employment with Defendant ASI, Defendant ASI failed to provide Plaintiffs or other similarly situated employees with an "Employment Notice" at the time of dispatch and/or at other times required by the IDTLSA in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

        a.     the name of the day or temporary laborer;

        b.     the name and nature of the work to be performed;

        c.     the wages offered;

        d.     the name and address of the destination of each day and temporary laborer;

        e.     terms of transportation; and

        f.     whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

21. In the three years prior to Plaintiffs filing this lawsuit, ASI failed to provide Plaintiffs and similarly situated laborers with a proper Wage Payment Notice at the time of payment of wages in the form of an itemized statement, on the laborers' pay stub or on a form approved by the Illinois Department of Labor, containing the name, address, and telephone number of each third party client at which the laborer worked.

22. In the three years prior to Plaintiffs filing this lawsuit, Defendants Evans, and Vee Pak, have failed to maintain and remit to ASI, an accurate record of "hours worked" for Plaintiffs and other similarly situated temporary laborers as required by Sections 12(a)(2) and 12(b) of the IDTLSA.

23. Defendants' failure to provide Plaintiffs and the class with the required Notices has denied Plaintiffs and the class they seek to represent with certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. The Illinois legislature found that such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours

worked, minimum wage and overtime violations, and unlawful deductions from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## V.    CLASS ACTION ALLEGATIONS

24.    Plaintiffs will seek to certify as class a action pursuant to FRCP Rule 23 their state law claims for Illinois-mandated minimum wages (Count III) and overtime wages (Count IV) arising under the IMWL and the IDTLSA; for earned wages (Count V) arising under the IWPCA and the IDTLSA;   for ASI's notice violations (Counts VI-VII) arising under the IDTLSA; and for Defendants Evans, and Vee Pak's, failure to maintain and remit accurate time records of the time worked by Plaintiffs and other laborers (Counts VIII and IX).  Plaintiffs will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

25.    Counts III through IX are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

  a.    the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant ASI has employed and assigned hundreds or thousands of persons to third party client companies like Defendants Evans, and Vee Pak as day or temporary laborers in Illinois during the IMWL, IWPCA and IDTLSA Class Periods;

  b.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

  (i)    Whether ASI failed to pay Plaintiffs and the Class the Illinois-mandated minimum wage for all time worked in individual work weeks during the IMWL Class Period;

(ii)     Whether Defendant ASI failed to pay Plaintiff Uriostegui and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

(iii)     Whether Defendant ASI failed to pay Plaintiffs and the Class for all time worked in individual work weeks at the rate agreed to by the Parties during the IWPCA Class Period;

(iv)     Whether Defendant ASI failed to provide Plaintiffs and the Class with proper Employment Notices as required by 820 ILCS 175/10;

(v)     Whether Defendant ASI failed to provide Plaintiffs and the Class with proper Wage Payment Notices as required by 820 ILCS 175/30;

(vi)     Whether Defendants Evans, and Vee Pak failed to maintain and remit an accurate record of "hours worked" to ASI, as required by 820 ILCS 175/12(a)(2) and 12(b).

c.     The class representatives and the members of the class have been equally affected by Defendants' failure to pay Illinois minimum wages, overtime wages and other earned wages and failure to provide proper notices;

d.     Members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

e.     The class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

26.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

### COUNT I
### Violation of the FLSA – Minimum Wages
*Section 216(b) Collective Action against Defendant ASI*

Plaintiffs incorporate and re-allege paragraphs 1 through 26 as though set forth herein.

27.     This Count arises from Defendant ASI's violation of the FLSA for Defendant's failure to pay Plaintiffs and similarly situated employees not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 17-18, *supra*.

28.     Defendant suffered or permitted Plaintiffs to work in certain work weeks in the three years prior to Plaintiffs filing this lawsuit.

29.     Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

30.     Plaintiffs were entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

31.     Defendant did not pay Plaintiffs the federally-mandated minimum wage for all hours worked in individual work weeks.

32.     Defendant suffered or permitted other similarly situated, non-exempt employees to work who were likewise entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

33.     Defendant did not pay other similarly situated laborers the federally-mandated minimum wage for all hours worked in individual work weeks.

34.     Defendant's failure to pay Plaintiffs and other similarly situated employees the federally-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the FLSA.

35.     Plaintiffs are entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the class they represent pray for a judgment against

Defendant ASI as follows:

A.    That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiffs' consents to represent are attached hereto as Group Exhibit A;

B.    A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage rate paid to Plaintiffs and similarly situated employees.

C.    Liquidated damages in the amount equal to the unpaid minimum wages;

D.    That the Court declare that Defendant has violated the FLSA;

E.    That the Court enjoin Defendant from violating the FLSA;

F.    Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G.    Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the FLSA – Overtime Wages
### *Section 216(b) Collective Action against Defendant ASI*

Plaintiffs incorporate and re-allege paragraphs 1 through 35 as though set forth herein.

36.    This Count arises from Defendant ASI's violation of the FLSA for Defendants' failure to pay Plaintiff Uriostegui and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraph 19, *supra*.

37.    Defendant directed Plaintiff Uriostegui to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiffs filing this lawsuit.

38.    Plaintiff Urisotegui was not exempt from the overtime provisions of the FLSA.

39.    Plaintiff Uriostegui was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks and any earned bonuses were required to be included in their regular wage for purposes of calculating their overtime wages.

11

40. Defendant did not pay Plaintiff Urisotegui overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendant likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

42. Defendant did not pay other similarly situated employees overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

43. Defendant's failure to pay Plaintiff Uriostegui and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

44. Plaintiff and similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff Uriostegui and the class she represents prays for a judgment against Defendant ASI as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consents to represent are attached hereto as Group Exhibit A;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**(Violation of the Illinois Minimum Wage Law – Minimum Wages)**
**Plaintiffs on behalf of themselves and other similarly situated employees**
**against Defendant ASI**
*Class Action*

Plaintiffs incorporate and re-allege paragraphs 1 through 44 as though set forth herein.

45.     This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs and the Class they represent the Illinois-mandated minimum wages for all hours worked in individual work weeks as described more fully in paragraphs 12-18, *supra*.

46.     Defendant suffered or permitted Plaintiffs to work in certain work weeks in the three years prior to Plaintiffs filing this lawsuit.

47.     Plaintiffs were not exempt from the minimum wage provisions of the IMWL.

48.     Plaintiffs were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

49.     Defendant ASI did not pay Plaintiffs the Illinois-mandated minimum wage for all hours worked in individual work weeks.

50.     Defendant suffered or permitted other similarly situated, non-exempt laborers to work who were likewise entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

51.     Defendant ASI did not pay other similarly situated laborers the Illinois-mandated minimum wage for all hours worked in individual work weeks.

52.     Defendant's failure to pay Plaintiffs and other similarly situated employees the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

53.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

54.     The Class that Plaintiffs seek to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant ASI in Illinois and been assigned to work at a third party client company since September 19, 2010  up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of all back wages due to Plaintiffs and the Class as provided by the IMWL;

C.     Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendant ASI has violated the IMWL;

E.     That the Court enjoin Defendant from violating the IMWL;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

G.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**(Violation of the Illinois Minimum Wage Law – Overtime Wages)**
**Plaintiff Uriostegui on behalf of herself and other similarly situated employees**
**against Defendant ASI**
***Class Action***

Plaintiffs incorporate and re-allege paragraphs 1 through 54 as though set forth herein.

55.     This Count arises from Defendant's violation of the IMWL for Defendants' failure to pay Plaintiffs and the Class they represent overtime wages for all time worked in

excess of forty (40) hours in individual work weeks as described more fully in paragraphs 19, *supra*.

56.     Defendant directed Plaintiff Uriostegui to work, and Plaintiff Uriostegui did work in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiffs filing this lawsuit.

57.     Plaintiff was not exempt from the overtime provisions of the IMWL.

58.     Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

59.     Defendant ASI did not pay Plaintiff Uriostegui overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

60.     Defendant likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

61.     Defendant ASI did not pay other similarly situated laborers the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

62.     Defendant ASI's failure to pay Plaintiff Uriostegui and other similarly situated laborers overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

63.     Pursuant to 820 ILCS 105/12(a), Plaintiff Uriostegui and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

64.     The Class that Plaintiff Uriostegui seeks to represent in regard to their overtime claim arising under the IMWL is composed of and defined as all persons who have been

employed by Defendant ASI in Illinois, and assigned to work at a third party client company since September 19, 2010 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant ASI as follows:

A.  That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of all back wages due to Plaintiff Uriostegui and the Class as provided by the IMWL;

C.  Liquidated damages in an amount equal to the unpaid Illinois mandated overtime wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

H.  That the Court declare that Defendant ASI has violated the IMWL;

D.  That the Court enjoin Defendant from violating the IMWL

E.  Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

F.  Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**(Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages)**
**Plaintiffs on behalf of themselves and other similarly situated employees**
**against Defendant ASI**
***Class Action***

Plaintiffs incorporate and reallege paragraphs 1 through 64 as though set forth herein.

65.  This Count arises from Defendant ASI's violation of the IWPCA for Defendant ASI's failure to pay Plaintiffs and the Class they represent wages for all time worked at the rate agreed to by the parties as described more fully in paragraphs 12 and 14, *supra*.

66.  During the course of their employment with Defendant ASI, Plaintiffs had agreements with ASI within the meaning of the IWPCA to be compensated for all time worked

at the rates agreed to by the parties. Defendant ASI did not pay Plaintiffs for all hours worked at the rates agreed to by the parties as described more fully in paragraphs 7-14, *supra*.

67.     Other similarly situated laborers were likewise not compensated by Defendant ASI for all time worked at the rate agreed to by the parties in certain work weeks.

68.     Plaintiffs and the Class they represent members were entitled to be paid for all time worked at the rate agreed to by the parties.

69.     Defendant ASI's failure to pay Plaintiffs and the Class they represent for all time worked at the rate agreed to by the parties violated the IWPCA.

70.     Plaintiffs and the Class are entitled to recover owed wages for a period extending back to September 19, 2003.

71.     The Class that Plaintiffs seek to represent in regard to the claim for unpaid wages arising under the IWPCA is composed of and defined as all persons who have been employed by Defendant ASI in Illinois and assigned to work at a third party client company, since September 19, 2003 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant as follows:

A.      That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.      A judgment in the amount of all back wages due Plaintiffs and the Class as provided by the IWPCA;

C.      Liquidated damages in an amount equal to the unpaid wages as provided for in the IDTLSA, 820 ILCS 175/95;

D.      That the Court declare that Defendant ASI has violated the IWPCA;

E.      That the Court enjoin Defendants from violating the IWPCA;

F.      Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq*. and the IDTLSA, 820 ILCS 175/95;

G.      Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**(Violation of the Illinois Day and Temporary Labor Services Act - Employment Notices)**
**Plaintiffs on behalf of themselves and other similarly situated employees**
**against Defendant ASI**
*Class Action*

Plaintiffs incorporate and reallege paragraphs 1 through 71 as though set forth herein.

72.     This Count arises from the violation of the IDTLSA for Defendant ASI's failure to provide Plaintiffs and similarly situated laborers with a proper Employment Notices as required by the IDTLSA.

73.     Defendant ASI employed Plaintiffs and similarly situated laborers and assigned them to work at certain third party client companies, including Evans, and Vee Pak.

74.     Defendant ASI failed to provide Plaintiffs and similarly situated laborers with a proper Employment Notice at the time of dispatch and at the time any terms changed.

75.     Defendant ASI was obligated to provide Plaintiffs and the Class with an Employment Notice at the time of each laborer was initially dispatched to work and any time the material terms listed on the Employment Notice changed. 820 ILCS 175/10.

76.     Defendant ASI failed to provide Plaintiffs and the Class with Employment Notices at the time of dispatch to third party clients or at the time any terms listed on an Employment Notice changed as required by the IDTLSA.

77.     Defendant ASI violated the IDTLSA by failing to provide to Plaintiffs and Class Members Employment Notice as required by the IDTLSA.

78.     The Class that Plaintiffs seek to represent in regard to the Employment Notice claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant ASI since September 19, 2010, up through and including the date of filing of this lawsuit present and who did not receive an Employment Notice at the time of

dispatched and at any time the material terms on the Employment Notice changed pursuant to 820 ILCS 175/10.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant ASI as follows:

A.      That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.      That the Court award Plaintiffs and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 10 of the IDTLSA;

C.      That the Court declare that Defendant ASI has violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

D.      That the Court enjoin Defendant ASI from violating the IDTLSA;

E.      Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.      Such other and further relief as this Court deems appropriate and just.

**COUNT VII**
**(Violation of the Illinois Day and Temporary Labor Services Act–Wage Payment Notice)**
**Plaintiffs on behalf of themselves and other similarly situated employees against ASI**
***Class Action***

Plaintiffs incorporate and reallege paragraphs 1 through 78 as though set forth herein.

79.     This Count arises from the violation of the IDTLSA for Defendant ASI's failure to provide Plaintiffs and similarly situated laborers with a proper Wage Payment Notice as required by the IDTLSA.

80.     Defendant ASI employed Plaintiffs and similarly situated laborers and assigned them to work at certain third party client companies, including Evans and Vee Pak.

81.     Defendant ASI was obligated to provide Plaintiffs and the Class with a Wage Payment Notice showing, among other things, the number actual of hours worked at each third party client and wages paid.

82.     Defendant ASI failed to provide Plaintiffs and the Class with a proper Wage and Payment Notice.

83.     Defendant ASI's violation of Section 30(a) of the IDTLSA, prevented Plaintiffs and the Class from determining if they were being paid properly.

84.     Defendant ASI's failure to provide Plaintiffs and the Class with Wage Payment Notices violated the IDTLSA.

85.     The Class that Plaintiffs seek to represent in regard to the Wage Payment and Notice claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant ASI in Illinois and assigned to work at third party client companies like Defendants Evans, and Vee Pak, since September 19, 2010, up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant ASI as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     That the Court award Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 30(a) of the IDTLSA;

C.     That the Court declare that Defendant ASI has violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30(a);

D.     That the Court enjoin Defendant ASI from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### (Violation of the Illinois Day and Temporary Labor Services Act–Time Records)
### Plaintiff Gonzalez on behalf of herself and other similarly situated employees
### against Defendant Evans

Plaintiffs incorporate and reallege paragraphs 1 through 85 as though set forth herein.

86.     This Count arises from the violation of the IDTLSA for Defendant Evans', failure to maintain and remit to ASI, accurate records of "hours worked" as required by Sections 12(a)(2) and 12(b) of the IDTLSA.

87.     Defendant Evans, contracted with staffing agencies such as ASI for temporary laborers including Plaintiffs and other similarly situated laborers.

88.     Pursuant to Sections 12(a)(2) and 12(b) of the IDTLSA, Defendants Evans, was obligated to maintain and remit to the staffing agencies an accurate accounting of hours worked by Plaintiff Gonzalez and other similarly situated temporary laborers assigned to work at Evans.

89.     Defendant Evans failed to maintain and remit such records for Plaintiffs and the Class in violation of 12(a)(2) and 12(b) of the IDTLSA.

90.     Defendant Evans' failure to maintain and remit such time records violated the IDTLSA.

91.     The Class that Plaintiff Gonzalez seeks to represent in regard to the time records claim arising under the IDTLSA is composed of and defined as all persons who have been assigned by ASI to work at  Defendants Evans since September 19, 2010, up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant Evans, as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.     That the Court award Plaintiffs and the Class compensatory damages and statutory damages of up to $500 for each violation of Sections 12(a)(2) and 12(b) of the IDTLSA;

C.     That the Court declare that Defendant Evans has violated the time records provision of the IDTLSA. 820 ILCS 175/12(a)(2) and 12(b);

D.     That the Court enjoin Defendants Evans from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT IX
### (Violation of the Illinois Day and Temporary Labor Services Act–Time Records)
### Plaintiff Ardon on behalf of herself and other similarly situated employees
### against Defendant Vee Pak

Plaintiffs incorporate and reallege paragraphs 1 through 91 as though set forth herein.

92.     This Count arises from the violation of the IDTLSA for Defendant Vee Pak's failure to maintain and remit to ASI, accurate records of "hours worked" as required by Sections 12(a)(2) and 12(b) of the IDTLSA.

93.     Defendant Vee Pak, contracted with staffing agencies such as ASI for temporary laborers including Plaintiffs and other similarly situated laborers.

94.     Pursuant to Sections 12(a)(2) and 12(b) of the IDTLSA, Defendant Vee Pak, was obligated to maintain and remit to the staffing agencies an accurate accounting of hours worked by Plaintiff Ardon and other similarly situated temporary laborers assigned to work at Vee Pak.

95.     Defendant Vee Pak failed to maintain and remit such records for Plaintiffs and the Class in violation of 12(a)(2) and 12(b) of the IDTLSA.

96.     Defendant Vee Pak's failure to maintain and remit such time records violated the IDTLSA.

97.     The Class that Plaintiff Ardon seeks to represent in regard to the time records claim arising under the IDTLSA is composed of and defined as all persons who have been assigned by ASI to work at  Defendants Evans since September 19, 2010, up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant Vee Pak, as follows:

A.      That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.      That the Court award Plaintiffs and the Class compensatory damages and

statutory damages of up to $500 for each violation of Sections 12(a)(2) and 12(b) of the IDTLSA;

C.     That the Court declare that Defendant Vee Pak has violated the time records provision of the IDTLSA. 820 ILCS 175/12(a)(2) and 12(b);

D.     That the Court enjoin Defendant Vee Pak from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: September 19, 2013

s/Christopher J. Williams
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Workers Law Office, P.C.
401 S. LaSalle St., Suite 1400
Chicago, IL 60605
(312) 795-9121

Attorney for Plaintiffs