IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA ANTONIA URIOSTEGUI, OSCAR GONZALEZ, VERONICA PADILLA and ANA VILMA ARDON on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 13 CV 6755 |
| v. | ) ) | Judge Charles P. Kocoras |
| ALTERNATIVE STAFFING, INC. d/b/a ASI, EVANS FOOD GROUP, LTD. and VEE PAK, INC., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT VEE PAK, INC.'S RULE 12(b)(1) MOTION TO DISMISS COUNT IX OF THE COMPLAINT**

NOW COMES Defendant, VEE PAK, INC. ("Vee Pak") by and through its attorneys, DONALD S. ROTHSCHILD and BRIAN M. DOUGHERTY of GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD., and for its RULE 12(b)(1) MOTION TO DISMISS COUNT IX OF THE COMPLAINT, states as follows:

**I.  FACTUAL BACKGROUND**

Plaintiffs filed a multi-count complaint for violations of the Fair Labor Standards Act of 1938 ("FLSA") and certain Illinois statutes. The Illinois statute, for which Vee Pak is implicated and thus is the subject of this motion, is the Day and Temporary Labor Services Act (820 ILCS 175/1 *et seq*.) ("Day Labor Act"). The Day Labor Act regulates the relationship between temporary labor agencies, the workers assigned out by those agencies, and companies that use temporary laborers. Vee Pak contracted with Alternate Staffing, Inc. ("ASI") for workers at Vee Pak's facilities. Under the Day Labor Act, Vee Pak is referred to as the "third party client

1

company" (or "client" for short), and ASI as the "day and temporary labor service agency" (or "agency" for short). While the Complaint is not very clear, it is alleges that plaintiff Ana Ardon worked for ASI at Vee Pak, but was not paid on days she was assigned to work. (Compl. ¶ 14(b)).

In Count IX, Plaintiffs allege that Vee Pak violated Sections 12(a)(2) and (b) of the Day Labor Act by not keeping accurate records for "hours worked." (Compl. ¶ 92). In the prayer for relief, Plaintiffs ask for compensatory and statutory damages of up to $500 for each violation of Sections 12(a)(2) and (b).

Counts IX must be dismissed since the alleged Day Labor Act violation does not arise out of the same core group of operative facts as the FLSA minimum wage and overtime compensation violations. Because the operative facts are distinct, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1367(a).

## II. RULE 12(b)(1) STANDARD

Under Rule 12(b)(1) all well-pleaded facts are taken as true, all reasonable inferences are drawn in favor of the plaintiff, and all ambiguities are resolved in favor of the plaintiff. *Mallett v. Wisconsin Div. Of Voc. Rehab.,* 130 F.3d 1245, 1248 (7th Cir. 1997); *United Transp. Union v. Gateway Western Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996), citing *Rueth v. EPA,* 13 F.3d 227, 229 (7th Cir.1993). The purpose of a Rule 12(b)(1) motion to dismiss is to test subject matter jurisdiction. *Long v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir.1999).

### III. ARGUMENT

**There is no common nucleus of operative facts between the FLSA minimum wage and overtime claims and the alleged violation of the record-reporting requirement under the Day Labor Act**

The only federal claims in this case are the ones brought in Counts I and II under the FLSA. In 1938, Congress enacted the FLSA to govern the maintenance of standard hour and wage practices. The FLSA requires employers to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207. Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiffs allege that ASI violated the minimum wage and overtime provisions of the FLSA. (Compl. ¶ 1). Plaintiffs also allege that Vee Pak violated the Day Labor Act. (*Id*.). But there are no allegations that Vee Pak similarly violated the FLSA. Plaintiffs allege that Ardon worked for Vee Pak and was not paid for all time worked. (*Id*. ¶ 14(b)). Count IX is brought against Vee Pak for violating the Day Labor Act, where Ardon alleges that Vee Pak failed to maintain and remit records to ASI as required under the Day Labor Act.

Since the Day Labor Act is based on state law, the only way this Court can have subject matter jurisdiction over Vee Pak is if 28 U.S.C. § 1367(a) is satisfied. "Under 28 U.S.C. § 1367, federal courts may exercise 'supplemental' jurisdiction over state-law claims linked to a claim based on federal law." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 506 (2006). "Pursuant to 28 U.S.C. § 1367(a), state claims fall within a district court's supplemental jurisdiction if they are

'so related to [the federal] claims ... that they form part of the same case or controversy under Article III of the United States Constitution.' " See *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 500 (7th Cir. 1999).

The only factual connection between the FLSA claims and Count IX is ASI. ASI is the "agency" and Vee Pak is the "client," and ASI provided workers to Vee Pak. (Compl. ¶ 8). But that "loose factual connection" standing alone is insufficient. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). What must link the federal and state claim are "*operative*" facts, namely, facts "relevant to the resolution of" the federal claim. *U.S. v. Clark*, 08 C 4158, 2010 WL 476637, at *1 (N.D. Ill. Feb. 3, 2010) (emphasis added), citing *Berg v. BC Fin.l Corp.*, 372 F.Supp.2d 1080, 1093 (N. D. Ill. 2005). Simply because ASI and Vee Pak may have a business relationship is not enough either. See, e.g., *Villareal v. El Chile, Inc.*, 601 F.Supp.2d 1011, 1018 (N.D. Ill. 2009).

Courts have consistently found subject matter jurisdiction lacking when the operative facts of the federal claim bear no relationship with the state-law claim. In *Keegan v. Bloomingdale's, Inc.*, 945 F.Supp. 165 (N.D. Ill. 1995), plaintiff brought a claim against her former employer under COBRA and her employer filed a counterclaim for breach of contract and conversion based on plaintiff taking unlawful commissions. The district court declined to exercise supplemental jurisdiction over the counterclaim. The district court stated:

> the factual basis for Keegan's COBRA claim is that she was not notified of her right to continuing coverage following her resignation with Bloomingdale's. The factual basis underlying Bloomingdale's counterclaim is that Keegan "stole" from it (conversion) and neglected to reimburse it pursuant to a signed agreement (breach of contract). There is no factual connection underlying the claim and counterclaim. *Id*. at 167

In *U.S. v. Clark*, plaintiff's federal claim was based on CERCLA. One defendant filed a third-party claim based on unjust enrichment. 2010 WL 476637 at *1. The district court

4

declined to exercise supplemental jurisdiction over the unjust enrichment claim stating that proving the federal and state claims would rely on "different evidence," *id*. at \*1, and the operative facts to prove the state law claim "bear no relationship to … [the] federal claim." *Id*. at \*2.

In *Villareal v. El Chile, Inc*., plaintiffs filed suit under the Illinois Minimum Wage Law and FLSA. Defendants filed a counterclaim alleging breach of the duty of loyalty. Plaintiffs sought the dismissal of the counterclaim based on the lack of a common nucleus of operative facts. The district court dismissed the counterclaim for lack of jurisdiction, stating:

> The duty of loyalty counterclaim does not arise from the same common nucleus of operative fact as Plaintiffs' overtime and minimum wage claims under the FLSA and the IMWL. Plaintiffs allege Defendants have failed to pay Plaintiffs overtime and minimum wages as required by statute. Defendants allege that certain Plaintiffs told restaurant customers that the food and service is poor and that the owners abuse their employees, failed to wait on customers or take orders in a timely fashion or at all, and solicited customer signatures for unknown purposes. The only connection between Plaintiffs' claims and the counterclaim is the parties' employment relationship. *Id*. at 1020

In *Lyon v. Whisman*, 43 F.3d 758 (3d Cir. 1995), plaintiff brought an FLSA claim, contract and tort claim against her former employer. The Third Circuit found that the district court lacked subject matter jurisdiction over the state law claims. The court of appeals stated that plaintiff's "FLSA claim involved very narrow, well-defined factual issues about hours worked during particular weeks." *Id*. at 763. The state law claims, namely "underpayment of a bonus and [defendants'] refusal to pay the bonus … were quite distinct." *Id*. The court found "so little overlap between the evidence relevant to the FLSA and state claims, that there is no "common nucleus of operative fact" justifying supplemental jurisdiction over the state law claims." *Id*.

5

Similar to the foregoing authority, there is no factual connection here between the FLSA claims and Count IX. The FLSA claims allege that ASI failed to pay minimum wages and overtime compensation. Count I seems to be brought on behalf of all Plaintiffs and Count II is brought by Uriostegui. The operative facts under Count I are: 1) what was the regulate rate paid Plaintiffs, 2) what was the minimum wage rate and 3) what weeks were actually worked. Plaintiffs' damages would be the underpayments. Under Count II, the analysis is: 1) what was the regular rate of pay, 2) how much was Plaintiff Uriostegui paid, 3) when did she actually perform work and 4) what overtime should she have been paid. Resolution of those issues requires reference to the FLSA, its regulations and ASI's payment practices.

But, Count IX does not require any reference to minimum wage rates or overtime calculations. Even if Ardon was not paid minimum wages, resolution of that issue implicates the FLSA and not the Day Labor Act. The Day Labor Act violation is based on Sections 12(a)(2) and (b), which deals with record-reporting to the "agency." The operative facts are whether Vee Pak remitted information required under Section 12(a)(2) to ASI within 7 days following the last day of the work week. 820 ILCS 175/12(a)(2). Failure to remit such records creates a "notice violation" under Section 95. 820 ILCS 175/12(b). The remedy for a notice violation is an amount up to $500 for the violation of each subpart of each section and compensatory damages. 820 ILCS 175/95(a)(2).

Count IX's operative facts are whether Vee Pak remitted the required Section 12(a)(2) records and if not, how many violations occurred. Section 1367(a) "codifies the principle that 'the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire

6

action before the court comprises but one constitutional "case." ' " *Groce,* 193 F.3d at 500, quoting *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164–65 (1997), quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The common nucleus of operative facts that comprise the FLSA claims and Count IX is altogether absent; there is no overlapping evidence in Counts I and II, on the one hand, and Count IX, on the other hand. *Lyon*, 43 F.3d at 763. Plaintiffs can prove their FLSA violations without any reference with the Day Labor Act's provisions. The only constitutional case is the alleged FLSA violations by ASI, which do not involve Vee Pak. As a result, 28 U.S.C. § 1367(a) is not satisfied and the Court lacks subject matter jurisdiction over Count IX.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter an order dismissing Count IX of the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and that this Court award all other relief it deems equitable and just.

> Respectfully submitted,
>
> VEE PAK, INC.,
>
> By: /s/ Donald S. Rothschild
>       One of Its Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

7

## **CERTIFICATE OF SERVICE**

      I, Donald S. Rothschild, an attorney, certify that I served a copy of **Defendant Vee Pak, Inc.'s Rule 12(b)(1) Motion to Dismiss Count IX of the Complaint**, filed with the United States District Court, via CM/ECF, on all registered users, on this 25th day of November, 2013.

                                                      /s/ Donald S. Rothschild
                                               Attorney for Defendant Vee Pak, Inc.